UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSE RUIZ : <br>       PLAINTIFF, : <br> : <br> v. : <br> : <br> COMMUNITY FOUNDATION OF GREATER : <br> NEW HAVEN : <br> : <br>       DEFENDANT. : <br> : | CIVIL ACTION NO. <br><br><br><br><br><br><br><br> FEBRUARY 26, 2020 |

## COMPLAINT

### I.  INTRODUCTION

1. This is an action brought by Plaintiff Jose Ruiz as a result of the unlawful actions of Defendant Community Foundation of Greater New Haven ("Defendant" or "CFGNH"). Defendant failed to pay Plaintiff for time worked more than 40 hours per work week, as required by federal and state law.

2. Plaintiff asserts claims under the FLSA and the CMWA, alleging that he is entitled to unpaid wages from Defendant for all overtime hours worked in addition to other relief as described below.

### II.  JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's individual state law claims pursuant to 28 U.S.C. § 1367 since it is so related to their FLSA claims that it forms part of the same case or controversy.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the

acts or omissions giving rise to claims in this Complaint took place in this judicial district.

6. This court has personal jurisdiction over Defendant because they transact business in the State of Connecticut, and employ individuals in the State of Connecticut.

### III. PARTIES

7. Plaintiff Jose Ruiz is an individual residing within this judicial district. Plaintiff began working for Defendant on October 26, 2016 through a temp agency as a part time Finance Associate and was subsequently promoted to a full time permanent employee as an Endowment Associate on April 27, 2017.

8. As an Endowment Associate, Plaintiff was responsible for

- Generating financial reports to internal and external customers
- Creating self-service reporting for internal and external customers
- Acting as a liaison with staff to organize the timely flow of information
- Performing monthly investment reconciliations
- Performing monthly fixed asset calculations
- Maintaining complete and accurate files
- Assuring all accounting processes follow established protocols and suggesting improvements
- Assuring that financial reporting is timely and accurate
- Performing other administrative duties and special projects as assigned by the Director of Finance and Accounting

9. When Plaintiff began at CFGNH as a part time Finance Associate his immediate supervisor was Brandi Kryvonis. Since April 26, 2017 Plaintiff became an Endowment Officer and his immediate supervisor has been Marcie Monaco, Director of Finance.

10. Defendant CFGNH is a 501(c)(3) non-profit private foundation organized and existing under the laws of Connecticut. Its principal office is located at 70 Audubon Street, New Haven, CT.

11. CFGNH is subject to FLSA and CMWA requirements, and is an employer

within the meaning of the FLSA.

**IV.     OVERTIME VIOLATIONS**

12.     During his employment with CFGNH. Plaintiff regularly worked more than the hours reported on his timesheets each week.

13.     These additional weekly hours were worked with the full knowledge and encouragement of Defendant, who on numerous occasions warned Plaintiff that his time sheets must only "show" forty hours.

14.     When Plaintiff began working for CFGNH he was told by Ms. Monaco that he could work over forty hours per week but that he could not report that overtime on his time sheets.

15.     Defendant failed to compensate Plaintiff for these "off the clock" overtime hours in violation of the FLSA.

16.     Plaintiff consistently and regularly worked more than forty hours per week and was not paid overtime compensation for hours in excess of forty per week.  For example, Plaintiff worked over forty hours per week during the weeks of January 9, 2017, April 17, 2017, April 25, 2017, June 26, 2017, April 2, 2018, April 9, 2018, April 23, 2018 and August 27, 2018.

17.     On other occasions, in order to avoid "liability" for overtime compensation, Ms. Monaco directed Plaintiff to take "comp time" in separate payroll periods, which is a violation of federal and state wage and hour laws.

**COUNT ONE:**     **VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201** ***et seq.***

1-17   Paragraphs one through seventeen above are incorporated by reference and made paragraphs one through seventeen of Count One as though fully set forth herein.

18.   Based on the foregoing, Defendant violated the Fair Labor Standards Act ("FLSA").

19.   During Plaintiff's employment with Defendant, Plaintiff regularly worked more than the hours reported on his timesheets each week.

20.   These additional weekly hours were worked with the full knowledge and encouragement of Defendant, who on numerous occasions warned Plaintiff that his time sheets must only "show" forty hours.

21.   Defendant failed to compensate Plaintiff for these "off the clock" overtime hours in violation of the FLSA.

22.   Lastly, Defendant impermissibly exchanged "overtime hours" for "comp time" in different pay periods, in further violation of the FLSA.

23.   Defendants' failure to pay Plaintiff overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was willful.

24.   By virtue of the above, Defendant violated the FLSA.

25.   As a result of Defendants' willful violation of FLSA, Plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, liquidated damages, attorneys' fees and costs.

## COUNT TWO: FAILURE TO PAY WAGES AND OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT

1-25    Paragraphs one through twenty-five above are incorporated by reference and made paragraphs one through twenty-five of Count Two as though fully set forth herein

26.    Defendant, for all of the specific reasons stated above, including but not limited to the allegations articulated in Count One, failed to pay Plaintiff proper overtime compensation for hours worked in excess of forty per week in violation of the Connecticut Minimum Wage Act.

27.    Defendants' failure to pay Plaintiff overtime at the rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) per week was unreasonable.

28.    By virtue of the above, Defendant violated the CMWA.

29.    As a result of Defendants' willful violation of CMWA, Plaintiff is entitled to compensation for all overtime hours worked computed at one and one-half times his regular hourly rate, double damages, attorneys' fees and costs.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims JUDGMENT against Defendant and, Compensatory damages, including, but not limited to,

    a.    An award of all damages for all wages owed to Plaintiff including but not limited to unpaid overtime wages under the Fair Labor Standards Act;

    b.    An award of damages for all wages owed to Plaintiff including but not limited to unpaid overtime wages under the Connecticut Minimum Wage Act;

    c.    An award of liquidated damages under the Fair Labor Standards Act,

    d.    An award of penalty damages under the Connecticut Minimum Wage Act;

    e.    Attorneys' fees under the Fair Labor Standards Act and the Connecticut Minimum Wage Act;

    f.    Any other relief to which plaintiff may be entitled.

JURY DEMAND

    Plaintiff hereby demands a trial by jury.

                              PLAINTIFF, Jose Ruiz,

                        By:    */s/ Claire M. Howard*
                              Claire M. Howard (ct29654)
                              Madsen, Prestley & Parenteau, LLC
                              402 Asylum Street, Hartford, CT 06103
                              Tel: (860) 246-2466  Fax: (860) 246-1794
                              choward@mppjustice.com